OPINION. KeRn, Judge: The ownership of property is said to consist of a “bundle of rights” including its free use and enjoyment, the control over it, and the right to dispose of it in any manner not contrary to existing regulatory laws. Restrictive covenants, as applied to the use of land, are said to constitute an interest in the land in the nature of a negative easement. See 26 O.J.S., sec. 162(2). At the time of petitioner’s sale, of the property in question it was free of any restrictions. In her sale of the property to Brewster petitioner did not convey to him all of her rights therein but excluded from the sale the right to use the property for commercial or industrial purposes, the right to sell it in lots of less than 50 acres each, and the right to sell it to the public before first offering it to the grantor or her surviving children. While the evidence does not establish that the restrictions had any ascertainable value to petitioner, it does show that they did seriously affect the sale value of the property. The testimony of one of petitioner’s own expert witnesses was that the restrictions accounted for the full amount of the difference between the $200,000 at which the property was valued for estate tax purposes and the $157,880 for which it was sold to Brewster. The evidence is clear that the property itself suffered no loss of value during this period. Thus it seems inescapable that what petitioner is claiming here is a loss on the sale of property rights which she did not in fact sell. She retained and still retains a limited interest in the property through these restrictive covenants. That interest, supposedly, is subject to further barter and sale between her and the grantee. Accordingly, the loss deduction claimed by petitioner is disallowed. Decision will be entered for the respondent.